UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTIN JACOBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 2:19-cv-00432-JAD-EJY<br><br>**ORDER** |

On February 12, 2020, this Court directed Plaintiff, who is proceeding *pro se*, to show cause why this matter should not be dismissed for her failure to comply with this Court's Order concerning review of social security cases. ECF No. 22. Specifically, the Court noted that Plaintiff had "failed to [timely] file a motion for remand or any motion requesting relief." *Id*. at 1:24. On February 27, 2020, Plaintiff filed a Response to this Court's Order to Show Cause in which she argues that this matter should not be dismissed because "all [her] medical records were not used in [her social security disability] case." ECF No. 23 at 1. Plaintiff notes that she presently suffers from disabilities caused by her inability "to recieve [sic] proper medical care [for her] lower back and lef[t] leg and [that she has] been admitted to [the] hospital for weakness[,] loss of urine[,] and no bowel function." *Id*.

In its Order concerning review of social security cases, the Court stated that:

> 6. Whenever Plaintiff files a motion for reversal and/or remand, which includes issues based on the administrative record, Plaintiff's motion shall include:
>     a. A specification of each and every condition or ailment, or combination thereof, that allegedly renders Plaintiff disabled and is allegedly supported by evidence contained in the administrative record.
>     b. A complete summary of all medical evidence in the record that supports Plaintiff's claim of disability due to each condition or ailment specified in subparagraph 6a above, with precise references to the applicable portions of the

---

[1] Andrew Saul is the current Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

record. This summary shall not include medical evidence unrelated to the conditions or ailments upon which Plaintiff's claim or claims of disability are based. It shall be sufficient compliance with this subparagraph if Plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the administrative record.

       c.      With respect to each condition or ailment specified in subparagraph 6a above, a complete but concise statement as to why the record does not contain substantial evidence to support Defendant's conclusion that Plaintiff is not disabled by each such condition or ailment, or combination thereof. . . .

8.     The motions filed by Plaintiff . . . pursuant to paragraph[] 6 . . . of this Order . . . shall also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general. . . .

10.    The motions filed by . . . Plaintiff . . . shall also contain the following:
       a.      A statement as to whether the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended.
       b.      A specification of each page in the administrative record that is partially or totally illegible, and a statement as to whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

ECF No. 17 at 2:25–3:14, 4:13–16, 5:1–9.

To date, Plaintiff has not filed a motion for reversal and/or remand in accordance with these instructions. This Court expressly warned Plaintiff that a "[f]ailure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action . . . ." *Id*. at 5:15–16. Even after liberally construing Plaintiff's Response to this Court's Order to Show Cause as a motion for reversal and/or remand, Plaintiff only satisfies Paragraph 6(a) and (c) at best: Plaintiff specifies that problems with her lower back, left leg, weakness, loss of urine, and loss of bowel function allegedly renders her disabled, and she claims that the Commissioner's adverse disability determination decision is unsupported because all her medical records were not used in this case. Notwithstanding, absent the information outlined in Paragraph 6(b), 8, and 10 of this Court's Order concerning review of social security cases, the Court cannot proceed in its analysis.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff shall file a motion for reversal and/or remand in accordance with these instructions no later than **April 1, 2020**. Failure to timely file a motion for reversal and/or remand shall result in a recommendation to the District Judge that this case be dismissed.

Dated this 2nd day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE