UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTIN JACOBSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:19-cv-00432-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  Order to Show Cause (ECF No. 24) |

This matter is before the Court on Plaintiff Christin Jacobson's failure to comply with the Court's second Order to Show Cause (ECF No. 24).

On February 12, 2020, this Court issued its first Order to Show Cause (ECF No. 22) why this matter should not be dismissed for Plaintiff's failure to comply with this Court's Order Concerning Review of Social Security Cases (ECF No. 17). The Court stated that Plaintiff "failed to [timely] file a motion for remand or any motion requesting relief." ECF No. 22 at 1:24. On February 27, 2020, Plaintiff filed a Response to this Court's first Order to Show Cause, in which she argued that this matter should not be dismissed because "all [her] medical records were not used in [her social security disability] case." ECF No. 23 at 1. Plaintiff noted that she suffers from impairments caused by her inability "to receive proper medical care [for her] lower back and lef[t] leg and [that she has] been admitted to [the] hospital for weakness[,] loss of urine[,] and [lack of] bowel function." *Id*.

On March 2, 2020, this Court issued its second Order to Show Cause why this matter should not be dismissed. ECF No. 24. This Order states:

> Even after liberally construing Plaintiff's Response to this Court's [first] Order to Show Cause as a motion for reversal and/or remand, Plaintiff only satisfies Paragraph 6(a) and (c) [of the Court's Order Concerning Review of Social Security Cases] at best: Plaintiff specifies that problems with her lower back, left leg, weakness, loss of urine, and loss of bowel function allegedly renders her disabled, and she claims that the Commissioner's adverse disability determination decision is unsupported because all her medical records were not used in this case. Notwithstanding, absent the information outlined in Paragraph[s] 6(b), 8, and 10 of this Court's Order concerning review of [S]ocial [S]ecurity cases, the Court cannot proceed in its analysis.

1

*Id*. at 2:18–24.  The Court gave Plaintiff through and including April 1, 2020 to respond to its second Order to Show Cause and noted that a "[f]ailure to timely file a motion for reversal and/or remand shall result in a recommendation to the District Judge that this case be dismissed." *Id*. at 3:3–5.  As of the date of this instant Order, April 21, 2020, Plaintiff has filed nothing with the Court.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's action, docketed as 2:19-cv-00432-JAD-EJY, be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED 21st day of April, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).