# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Christin Jacobson,<br><br>    Plaintiff<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>    Defendant | Case No.: 2:19-cv-00432-JAD-EJY<br><br>**Order Denying Motion for Relief from a Final Judgment**<br><br>[ECF No. 28] |

In May 2020, I dismissed with prejudice pro se plaintiff Christin Jacobson's appeal of an adverse Social Security disability decision after she failed to comply with an order to file a motion to remand or any motion requesting relief.[1] More than two years later, Jacobson sent a handwritten letter reiterating the grievances she alleged in her original complaint and requesting that her case be reopened.[2] Because final judgment has already been entered, I liberally construe Jacobson's request as a Federal Rule of Civil Procedure (FRCP) 60(b) motion for relief from a final judgment due to excusable neglect.[3] After reviewing the *Pioneer-Briones* factors, I deny the motion as untimely.

---

[1] ECF No. 26. That order's caption reflected the name of the then-Acting Commissioner of Social Security, who has been replaced by Acting Commissioner Kilolo Kijakazi. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); *see also* Fed. R. Civ. P. 25(d).

[2] ECF No. 28.

[3] Fed. R. Civ. P. 60(b).

**Discussion**

Under FRCP 60(b), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding."[4] A motion for such relief can be based, in relevant part, on FRCP 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect," or on FRCP 60(b)(6), which provides a catch-all basis for relief based on "extraordinary circumstances."[5] Jacobson alleges that her previous conditions and long-term COVID-19 symptoms have worsened, her adult son is now her caregiver, and her declining health has left her unable to complete daily tasks.[6] I construe Jacobson's assertions as claiming excusable neglect for her failure to comply with the order directing her to move for relief. To determine whether neglect is excusable, the court considers "at least four factors" known as the *Pioneer-Briones* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[7]

Jacobson's request to reopen this case comes more than two years after I dismissed it with prejudice. This falls well beyond FRCP 60(b)(1)'s time restriction requiring a motion to be filed within one year of the entry of judgment.[8] While Jacobson describes her continuing medical issues and her long-term COVID-19 symptoms, she doesn't explain if or how they

---

[4] *Id.*

[5] *Id.* at 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and citation omitted).

[6] ECF No. 28.

[7] *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)) (internal quotation marks omitted).

[8] Fed. R. Civ. P. 60(c)(1) ("[a] motion under [this rule] must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . .").

prevented her from filing this motion earlier, and reopening this action would prejudice the government by forcing it to litigate a case that has been closed for two years. If Jacobson has new medical conditions or her previous conditions have worsened, that may give her a basis for a new Social Security disability claim, but it does not justify reviving this case.[9] And while nothing in the record indicates that Jacobson acted in bad faith, the other factors heavily weigh against relief.

**Conclusion**

IT IS THEREFORE ORDERED that Christin Jacobson's motion for relief from a final judgment **[ECF No. 28] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 21, 2022

---

[9] *Ward v. Schweiker*, 686 F.2d 762, 765–66 (9th Cir. 1982).